# EXHIBIT D-1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSO FONECLUB CORPORATION, )<br>SANDERLEY R. DE VASCONCELOS, a/k/a )<br>SANN RODRIGUES, a/k/a SANDERLEY )<br>VASCONCELOS, REV. VICTOR SALES, )<br>a/k/a VICTOR WILLIAM, )<br>a/k/a VICTOR SALES DeBRITO, a/k/a VICTOR )<br>SALES BRITO, )<br>)<br>Defendants. )<br>) | Case No. 06-cv-10940-JLT |

## CONSENT OF DEFENDANT SANDERLEY R. DE VASCONCELOS

1.  Defendant Sanderley R. De Vasconcelos, a/k/a Sann Rodrigues, a/k/a Sanderley Vasconcelos ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")

[15 U.S.C. '78j(b)] and Rule 10b-5 thereunder [17 C.F.R. '240.10b-5], and Sections 5(a) and 5(c) of the Securities Act of 1933 [15 U.S.C. ''77e(a) and 77(e)(c)];

(b) finds Defendant liable, jointly and severally with Defendant Universo FoneClub Corporation ("Defendant Universo"), for disgorgement in the amount of $3,269,459.00, representing ill-gotten gains obtained as a result of the conduct alleged in the Commission's Complaint, together with prejudgment interest thereon in the amount of $151,928.49, for a total monetary obligation of $3,421,387.49; however, only ordering Defendant to pay, jointly and severally with Defendant Universo, $1,805,612.66 of this sum. This obligation shall be satisfied in two ways. Firstly, Bank of America ("BOA") shall transmit to the Clerk of the Court, within ten (10) business days of entry of the Final Judgment, all of the currently frozen funds in its possession and/or control that Defendant and/or Defendant Universo previously had either a direct or indirect interest in and which have are currently in the following BOA accounts:

FoneClub, Inc. (account # 004601567375)
Universo FoneClub (account # 008982659652)
Universo Gospel USA (account # 009419826814)
Sanderley Vasconcelos (account # 009517751019)
Sanderley DeVasconcelos (account # 004371059922)

Secondly, Defendant and/or Defendant Universo shall transmit (or cause to be transmitted) to the Clerk of the Court, within ten (10) business days of entry of the Final Judgment, a payment in the amount of $3,027.01, which constitutes proceeds from the sale of certain office furniture and/or



        equipment formerly belonging to, or in which Defendant and/or Defendant Universo formerly had an interest. As a result of the aforementioned payment(s), Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant; and

  (c)  waives the payment of the additional $1,615,774.83 (the difference between $3,421,387.49 and $1,805,612.66) and does not impose a civil penalty in light of representations Defendant has made to the Securities and Exchange Commission ("Commission") in his sworn statement of financial condition dated June 13, 2006 ("Statement of Financial Condition"), his August 31, 2006 asset deposition, and other documents and information submitted to the Commission, which demonstrate that Defendant is unable to pay more than $1,805,612.66.

3.    Defendant acknowledges that the Court is waiving the additional $1,615,774.83 in disgorgement plus prejudgment interest and is not imposing a civil penalty based on Defendant's sworn representations in his Statement of Financial Condition dated June 13, 2006, his August 31, 2006 asset deposition, and other documents and information submitted to the Commission. Defendant further consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning Defendant's assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the waived disgorgement and seek prejudgment



3

and post-judgment interest amounts and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of any additional disgorgement and/or prejudgment or post-judgment interest amount(s) or of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.



action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a



party, Defendant (i) agrees to make himself available to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 02/16/2007

Sanderley R. De Vasconcelos, a/k/a Sann Rodrigues, a/k/a Sanderley Vasconcelos

On 16th Feb, 2007, Sanderley R De Vasconcelos, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

DIANE L. CIFRA, Notary Public
My Commission Expires September 17, 2008

Approved as to form:

_____
Christopher F. Robertson, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4989

Attorney for Defendant Sanderley R. De Vasconcelos, a/k/a Sann Rodrigues, a/k/a Sanderley Vasconcelos