# EXHIBIT D-2

Case 1:14-cv-11858-NMG Document 19-28 Filed 04/17/14 Page 2 of 8
Case 1:06-cv-10940-MLW Document 26 Filed 05/16/07 Page 1 of 7
Case 1:06-cv-10940-MLW Document 23-5 Filed 04/27/2007 Page 1 of 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
SECURITIES AND EXCHANGE COMMISSION,     )
                                        )
         Plaintiff,                     )
                                        )
    v.                                  )   Case No. 06-cv-10940-MLW
                                        )
UNIVERSO FONECLUB CORPORATION,          )
SANDERLEY R. DE VASCONCELOS, a/k/a      )
SANN RODRIGUES, a/k/a SANDERLEY         )
VASCONCELOS, REV. VICTOR SALES,         )
a/k/a VICTOR WILLIAM,                   )
a/k/a VICTOR SALES DeBRITO, a/k/a VICTOR)
SALES BRITO,                            )
                                        )
         Defendants.                    )
_____)

## FINAL JUDGMENT AS TO DEFENDANTS UNIVERSO FONECLUB CORPORATION AND SANDERLEY R. DE VASCONCELOS

The Securities and Exchange Commission having filed a Complaint and Defendants Universo FoneClub Corporation and Sanderley R. De Vasconcelos, a/k/a Sann Rodrigues, a/k/a Sanderley Vasconcelos (collectively, "Defendants") having entered general appearances; consented to the Court's jurisdiction over themselves and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendant DeVasconcelos be and hereby is permanently enjoined and restrained, directly or indirectly, in the offer or sale of any securities by the use of any means or instrument

Case 1:14-cv-11858-NMG   Document 19-28   Filed 04/17/14   Page 3 of 8
Case 1:06-cv-10940-MLW   Document 26   Filed 05/16/07   Page 2 of 7
Case 1:06-cv-10940-MLW   Document 23-5   Filed 04/27/2007   Page 2 of 7

of transportation or communication in interstate commerce or by the use of the mails, from:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statement made, in the light of the circumstances under which it was made, not misleading; and

    (c)    engaging in any act, transaction, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder, [17 C.F.R. § 240.10b-5].

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant DeVasconcelos be and hereby is permanently enjoined and restrained, directly or indirectly, from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instrument of transportation or communication in interstate commerce or by use of the mails:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

Case 1:14-cv-11858-NMG   Document 19-28   Filed 04/17/14   Page 4 of 8
Case 1:06-cv-10940-MLW   Document 26   Filed 05/16/07   Page 3 of 7
Case 1:06-cv-10940-MLW   Document 23-5   Filed 04/27/2007   Page 3 of 7

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendant DeVasconcelos be and hereby is permanently enjoined and restrained from, directly or indirectly, unless a registration statement is in effect as to a security:

(a) using any means or instrumentality of interstate commerce or the mails to sell such security; or

(b) carrying or causing to be carried through the mails or in interstate commerce, by any means or instrumentality of interstate commerce, any such security for the purpose of sale or for delivery after sale;

in violation of Section 5(a) of the Securities Act, [15 U.S.C. § 77e(a)].

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant DeVasconcelos be and hereby is permanently enjoined and restrained from, directly, or indirectly, unless a registration statement is in effect as to a security, or while the registration statement is the subject of a refusal order or stop order or any public proceeding or examination under Section 8 of the Securities Act, [15 U.S.C. § 77(h)], using any means or instrumentality of interstate commerce or the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security in violation of Section 5(c) of the Securities Act, [15 U.S.C. § 77e(c)].

Case 1:14-cv-11858-NMG   Document 19-28   Filed 04/17/14   Page 5 of 8
Case 1:06-cv-10940-MLW   Document 26   Filed 05/16/07   Page 4 of 7
Case 1:06-cv-10940-MLW   Document 23-5   Filed 04/27/2007   Page 4 of 7

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $3,269,459.00, representing ill-gotten gains obtained as a result of the conduct alleged in the Commission's Complaint, together with prejudgment interest thereon in the amount of $151,928.49, for a total monetary obligation of $3,421,387.49. However, based on Defendants' sworn representations in their Statements of Financial Condition dated June 13, 2006, the August 31, 2006 asset deposition of Defendant DeVasconcelos, and other documents and information submitted to the Commission, the Court is hereby ordering Defendants to jointly and severally pay only $1,805,612.66. The remaining $1,615,774.83 (the difference between $3,421,387.49 and $1,805,612.66) is waived and a civil penalty is not imposed. The determination not to impose civil penalties and to waive payment of all but $1,805,612.66 of the disgorgement plus prejudgment interest is contingent upon the accuracy and completeness of Defendants' Statements of Financial Condition and other documents and information submitted to the Commission by Defendants. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendants' representations to the Commission concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendants, petition the Court for an order requiring Defendants to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial

4

information provided by Defendants was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendants may not, by way of defense to such petition: (1) challenge the validity of their Consents or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

The disgorgement obligation ordered herein shall be satisfied in two ways. Firstly, Bank of America ("BOA") shall transmit to the Clerk of the Court, within ten (10) business days of entry of this Final Judgment, all of the currently frozen funds in its possession and/or control that Defendants previously had either a direct or indirect interest in and which are currently in the following BOA accounts:

      FoneClub, Inc. (account # 004601567375)
      Universo FoneClub (account # 008982659652)
      Universo Gospel USA (account # 009419826814)
      Sanderley Vasconcelos (account # 009517751019)
      Sanderley DeVasconcelos (account # 004371059922)

Case 1:14-cv-11858-NMG   Document 19-28   Filed 04/17/14   Page 7 of 8
Case 1:06-cv-10940-MLW   Document 26   Filed 05/16/07   Page 6 of 7
Case 1:06-cv-10940-MLW   Document 23-5   Filed 04/27/2007   Page 6 of 7

Secondly, Defendants shall transmit (or cause to be transmitted) to the Clerk of the Court, within ten (10) business days of entry of this Final Judgment, a payment in the amount of $3,027.01, which constitutes proceeds from the sale of certain office furniture and/or equipment formerly belonging to, or in which Defendant(s) formerly had an interest. BOA and Defendants may make the aforementioned payment(s) by wire transfer(s), certified check(s), bank cashier's check(s), or United States postal money order(s) made payable to the Clerk of the Court. Such payment(s) shall be accompanied by a letter identifying Universo FoneClub Corporation and Sanderley R. DeVasconcelos (a/k/a Sann Rodrigues, a/k/a Sanderley Vasconcelos) as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. BOA and Defendants shall simultaneously transmit photocopies of such payment(s) and letter(s) to the Commission's counsel in this action. Defendants relinquish all legal and equitable right, title, and interest in all of the funds transmitted by BOA and/or Defendants to the Clerk of the Court, and no part of the funds shall be returned to Defendants.

The Clerk shall deposit the funds received from BOA and/or Defendants into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the

United States.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants' Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May 16, 2007

_____
UNITED STATES DISTRICT JUDGE