UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TELEXFREE, INC., ) <br> TELEXFREE LLC, ) <br> JAMES M. MERRILL, ) <br> CARLOS N. WANZELER, ) <br> STEVEN M. LABRIOLA, ) <br> JOSEPH H. CRAFT, ) <br> SANDERLEY RODRIGUES DE VASCONCELOS, ) <br> SANTIAGO DE LA ROSA, ) <br> RANDY N. CROSBY and ) <br> FAITH R. SLOAN, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> TELEXFREE FINANCIAL, INC., ) <br> TELEXELECTRIC, LLC and ) <br> TELEX MOBILE HOLDINGS, INC., ) <br> ) <br> Relief Defendants. ) | Case No. 1:14 CV 11858-NMG |

[proposed]
### PRELIMINARY INJUNCTION ORDER, ORDER FREEZING ASSETS AND ORDER AS TO OTHER EQUITABLE RELIEF AS TO DEFENDANT FAITH SLOAN

Having considered the emergency *ex parte* motion for a temporary restraining order, order freezing assets, and order for other equitable relief filed by plaintiff Securities and Exchange Commission ("the Commission"), as well as the Complaint, the Commission's memorandum of law and accompanying evidentiary materials submitted on both its motion for temporary restraining order and for a preliminary injunction, the Court finds that the

Commission has made the showing required by Fed. R. Civ. P. 65 that the Commission has shown that: (1) it is reasonably likely to establish that defendant Faith Sloan ("Sloan") has directly or indirectly engaged in the violations alleged in the Complaint; (2) there is a reasonable likelihood that these violations will be repeated; (3) there is a strong indication that unless restrained and enjoined by Order of this Court, Sloan may dissipate and conceal assets which could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (4) entry of a preliminary injunction, asset freeze, and order for other equitable relief is in the public interest:

I.

**IT IS HEREBY ORDERED** that Sloan and each of her agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange,

(a)   employing any device, scheme or artifice to defraud;

(b)   obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities.

## II.

**IT IS HEREBY FURTHER ORDERED** that Sloan and each of her agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## III.

**IT IS HEREBY FURTHER ORDERED** that:

A.    Sloan and each of her agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain funds and other assets of defendant presently held by them, for their direct

or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, and are restrained from taking any actions to withdraw, sell, pay, transfer, dissipate, assign, pledge, alienate, encumber, dispose of, or diminish the value of in any way (including, but not limited to, making any charges on any credit card or draws on any other credit arrangement), any funds and other assets of Sloan presently held by ~~him~~ *her*, for their direct or indirect benefit, under their direct or indirect control, or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located. *[initials: NMG]*

    B.    All banks, brokerage and other financial institutions (including but not limited to East Boston Savings Bank, TD Bank, and Bank of America), and other persons or entities (including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of defendants or over which defendant exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located (including assets held at), shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

    C.    The above Paragraphs III.A and III.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a

result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

IV.

**IT IS HEREBY FURTHER ORDERED** that Sloan and each of her agents, servants, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from investors and/or "promoters."

V.

**IT IS HEREBY FURTHER ORDERED** that Sloan and each of her agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors or "promoters" pending the resolution of this action nor may they open new bank accounts.

VI.

**IT IS HEREBY FURTHER ORDERED** that Sloan shall submit in writing and serve upon the Commission, within five (5) business days following service of this Order upon them,

an accounting identifying:

1. all transfers or payments of funds to them or any other entity controlled by them from investors or "promoters" in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2. in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

   a. the nature and results of any investment in which the funds were used;

   b. any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

   c. any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

3. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

4. assets of every type and description with a value of at least five hundred dollars ($500) presently owned by or held for the direct or indirect benefit, or subject to the direct or

indirect control, of Sloan, whether in the United States or elsewhere;

5. all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of TelexFree and/or the Individual Defendants, or in which TelexFree and/or the Individual Defendants has or had any direct or indirect beneficial interest, at any time from January 1, 2012 to the present.

### VII.

**IT IS HEREBY FURTHER ORDERED** that Sloan and each of her agents, servants, employees and attorneys and those persons in active concert or participation with her [*him* struck through, "her" handwritten] who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to defendants or the misconduct described in the Complaint.

### VIII.

**IT IS HEREBY FURTHER ORDERED** that the Commission, notwithstanding the provisions of Fed. R. Civ. P. 26(d) and the Local Rules of this Court, may continue discovery in aid of its asset freeze in this case.

## IX.

**IT IS HEREBY FURTHER ORDERED** that this Preliminary Injunction shall remain in effect until entry of a Final Judgment in. or other final disposition of this action.

*/s/ Nathaniel M. Gorton*
UNITED STATES DISTRICT JUDGE

Dated: May __8__, 2014.