# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:14 CV 11858-NMG ) |
| TELEXFREE, INC., TELEXFREE LLC, JAMES M. MERRILL, CARLOS N. WANZELER, STEVEN M. LABRIOLA, JOSEPH H. CRAFT, SANDERLEY RODRIGUES DE VASCONCELOS, SANTIAGO DE LA ROSA, RANDY N. CROSBY and FAITH R. SLOAN, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| TELEXFREE FINANCIAL, INC., TELEXELECTRIC, LLC and TELEX MOBILE HOLDINGS, INC., | ) ) ) ) |
| Relief Defendants. | ) ) |

**[proposed]**
**CONSENT ORDER AS TO DEFENDANT STEVEN LABRIOLA**

Plaintiff Securities and Exchange Commission ("the Commission") and defendant Steven M. Labriola ("Labriola") having consented to the entry of an Court Order on the terms set forth below, as evidenced by their stipulation filed with this Court:

**I.**

**IT IS HEREBY ORDERED** that Labriola and each of his agents, servants, employees

and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities.

## II.

**IT IS HEREBY FURTHER ORDERED** that Labriola and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

  (a)  employing any device, scheme or artifice to defraud;

  (b)  making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

### III.

**IT IS HEREBY FURTHER ORDERED** that:

  A. Labriola and each of his officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain funds and other assets of defendant presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, and are restrained from taking any actions to withdraw, sell, pay, transfer, dissipate, assign, pledge, alienate, encumber, dispose of, or diminish the value of in any way (including, but not limited to, making any charges on any credit card or draws on any other credit arrangement), any funds and other assets of Labriola presently held by him, for their direct or indirect benefit, under their direct or indirect control, or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located.

  B. All banks, brokerage and other financial institutions and other persons or entities

(including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of defendants or over which defendant exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located (including assets held at Middlesex Savings Bank), shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen except as described in Paragraphs IV of this order.

C. The above Paragraphs III.A and III.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

### IV.

**IT IS HEREBY FURTHER ORDERED** that Labriola is entitled to withdraw $6,000 in total from Middlesex Savings Bank in the period from the entry of this order to June 7, 2014.

### V.

**IT IS HEREBY FURTHER ORDERED** that Labriola and each of his officers, agents,

gsdocs\8045152.3

servants, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from investors and/or "promoters."

## VI.

**IT IS HEREBY FURTHER ORDERED** that Labriola and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors or "promoters" pending the resolution of this action nor may they open new bank accounts.

## VII.

**IT IS HEREBY FURTHER ORDERED** that Labriola and each of his agents, servants, employees and attorneys and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to defendants or the misconduct described in the Complaint.

gsdocs\8045152.3

## VIII.

**IT IS HEREBY FURTHER ORDERED** that the Commission, notwithstanding the provisions of Fed. R. Civ. P. 26(d) and the Local Rules of this Court, may continue discovery in aid of its asset freeze in this case.

## IX.

**IT IS HEREBY FURTHER ORDERED** that this Order shall remain in effect until entry of a Final Judgment in or other final disposition of this action.

_____
UNITED STATES DISTRICT JUDGE

Dated: May \_\_\_\_\_, 2014.

gsdocs\8045152.3