**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

------------------------------------- X
SECURITIES AND EXCHANGE :
 COMMISSION,
 :
           Plaintiff,
 :
     v.
 :
TELEXFREE, INC., TELEXFREE, LLC,
JAMES M. MERRILL, CARLOS N. :
WANZELER, STEVEN M. LABRIOLA,
JOSEPH H. CRAFT, SANDERLEY :
RODRIGUES DE VASCONCELOS,
SANTIAGO DE LA ROSA, RANDY N. :   Case No. 14-cv-11858-NMG
CROSBY, and FAITH R. SLOAN,
 :
           Defendants,
 :
     and
 :
TELEXFREE FINANCIAL, INC.,
TELEXELECTRIC, LLLP and TELEX :
MOBILE HOLDINGS, INC.,
 :
           Relief Defendants.
------------------------------------- X

**DEFENDANT RANDY CROSBY'S[1]**
**MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS**

On April 15, 2014, the SEC filed a Complaint against TelexFree, Inc., TelexFree, LLC (together, "TelexFree") and its principals (Merrill, Wanzeler, Craft, and Labriola), alleging that they had orchestrated a pyramid scheme and, thereby, violated the Federal securities laws. The vast majority of the Complaint is devoted to their alleged activities. The remaining allegations -- and the only allegations at issue here -- concern four alleged "primary promoters" of TelexFree, including Randy Crosby ("Mr. Crosby"). There is no apparent rationale for why these four promoters were singled out from the thousands of promoters of TelexFree. Neither is it evident

---

[1]    The SEC incorrectly refers to Mr. Crosby as "Randy N. Crosby." Mr. Crosby has no middle initial or middle name.

1

why Mr. Crosby would be named in the Complaint rather than treated as a victim himself, which more aptly describes his role.

For the SEC to state claims that Mr. Crosby violated Section 10(b) of the Exchange Act, Rule 10b–5, and Section 17(a) of the Securities Act, it must plead six elements with particularity: "(1) a material misrepresentation or omission; (2) scienter, or a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Mississippi Pub. Employees' Ret. Sys. v. Boston Scientific Corp.*, 649 F.3d 5, 20 (1st Cir. 2011) (internal quotations omitted); *S.E.C. v. Tambone*, 417 F. Supp. 2d 127, 131-32 (D. Mass. 2006). ("The elements of an action for securities fraud under Section 10(b) of the Exchange Act (and Rule 10b–5 thereunder) and Section 17(a)(1) of the Securities Act are substantially the same under the Supreme Court's precedents.") The SEC has failed to meet this burden and the Complaint should therefore be dismissed.

The allegations against Mr. Crosby are preposterously thin. Across its 28-page, 60-paragraph Complaint, the SEC specifically references Mr. Crosby in only *six* paragraphs. (Compl. ¶¶ 19, 31, 38c, 40c, 43d, 45d.) The SEC's complaint does not include any allegations of Mr. Crosby's purported fraud, let alone particularized allegations. With regard to Mr. Crosby, the SEC alleges only the following:

- "Mr. Crosby, age 51, lives in Alpharetta, Georgia. He is one of the most successful promoters of Telexfree and has appeared in TelexFree promotional videos that have been posted on the internet. He has also promoted TelexFree through a website called "everybodygetspaidweekly.biz". (Compl. ¶ 19.)

- On April 20, 2013, Mr. Crosby made a presentation, later posted to YouTube (Compl. ¶ 31), that contained the following four statements:

  o "What if you were with a company that would pay you just to advertise the service? ... They're paying us to advertise the service. It's just that simple . . . TelexFree members do not have to worry about selling to the public." (Compl.

> *Id.* ¶ 38c.)

- "It takes less than thirty seconds to place each ad. Most people do it in 15 to 20 seconds." (*Id.* ¶ 40c.)

- "Dozens and dozens of people have become millionaires because of this . . . How deep does it go? It pays down to infinity." (*Id.* ¶ 43d.)

- "This company [TelexFree] has a joint venture with Best Western." (*Id.* ¶ 45d.)

In sum, the SEC pleads Mr. Crosby's name, age, address, employment, and that he made four innocuous public statements, none of which is actionable.

Moreover, the SEC states in only the most conclusory fashion that Mr. Crosby (and every other defendant) acted with scienter -- "intentionally, knowingly or recklessly." (Compl. ¶¶ 59, 62.).  The Complaint should be dismissed for this additional reason.

No doubt, the courts will determine whether TelexFree was a scam.  However, in its zealousness to uncover potential fraud, the SEC has sued Mr. Crosby, despite that he was not a manager or employee of TelexFree, had no insight into its financial situation, and had no reason to believe that the organization was not a legitimate business.  Given the minimalistic, unparticularized allegations against Mr. Crosby in the Complaint, the paucity of evidence and the failure to sufficiently allege, much less prove, scienter, the Complaint, as against Mr. Crosby, must be dismissed.  The Court should release Mr. Crosby from this litigation now, before he has been forced to incur the cost of defending against an unconscionably weak case or suffer further personal embarrassment.

### STANDARD OF REVIEW ON A MOTION TO DISMISS

This Court may dismiss the SEC's claims against Mr. Crosby under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint

fails to state a claim if it does not articulate "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1967 (2007); *N.J. Carpenters Pension & Annuity Funds v. Biogen IDEC Inc.*, 537 F.3d 35, 44 (1st Cir. 2008) (affirming dismissal of securities claims). A pleading must "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 127 S. Ct. at 1965 (quoting 5 Wright & Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). While all allegations must be accepted as true and construed in the light most favorable to the plaintiff, this does not include "facts" that are "conclusively contradicted by plaintiffs' concessions or otherwise." *Chongris v. Bd. of Appeals of the Town of Andover*, 811 F.2d 36, 37 (1st Cir. 1987) (affirming dismissal). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are likewise insufficient. *Twombly*, 127 S. Ct. at 1965. Further, when the allegations in a complaint, however true, "could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 1966.

In a complaint alleging fraud or mistake, such as the SEC's here, "the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). The particularity requirements of Rule 9(b) apply equally to actions initiated by the SEC. *See, e.g.*, *Tambone*, 417 F. Supp. 2d at 130-31. Thus, "catch-all allegations that defendants stood to benefit from wrongdoing and had the opportunity to implement a fraudulent scheme are [not] sufficient." *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 197 (1st Cir. 1999) (citation omitted).

**DISCUSSION**

I.  **The SEC Has Failed To Allege That Mr. Crosby
    Made Any Untrue Or Misleading Statements of Material Fact**

The SEC cannot state a claim under Section 10(b), Rule 10b-5, or Section 17(a) without alleging with particularity that Mr. Crosby made untrue or misleading statements of material fact.

Again, the SEC attributes only four public statements to Mr. Crosby. Three such statements -- concerning compensation to be received for advertising TelexFree, the ease of placing such ads, and the financial success of TelexFree members (Compl. ¶¶ 38c, 40c, 43d) -- cannot be actionable. The SEC does not (because it cannot) allege that these statements were false. Indeed, the SEC Complaint asserts the very facts alleged by Mr. Crosby: TelexFree members were paid substantial sums for placing Internet advertisements. (*See* Compl. ¶¶ 38-43.) As Mr. Crosby's statements were not false, they cannot give rise to securities fraud. *See, e.g.*, *Coyne v. Metabolix, Inc.*, 943 F. Supp. 2d 259, 266 (D. Mass. 2013) (granting motion to dismiss where plaintiff conceded that specific statements were correct); *S.E.C. v. Patel*, 2009 WL 3151143, at *42 (D.N.H. Sept. 30, 2009) (dismissing those aspects of the SEC's claim based on statements that were not false).

The SEC also alleges that Mr. Crosby's purported statement that TelexFree "has a joint venture with Best Western." was false. (Compl. ¶ 45d.) However, the SEC does not plead how the statement was material. Absent particularized allegations of materiality, even a false statement concerning a joint venture with Best Western is not actionable. *See S.E.C. v. Patel*, 2008 WL 782465, at *7 (D.N.H. March 24, 2008) (dismissing generalized complaint under Sections 10(b) and 17(a) because it was only based on allegedly untrue statements and those statements were immaterial as a matter of law).

## II.   The Complaint Does Not Allege Mr. Crosby's Scienter With *Any* Particularity

For the SEC to prevail on its claims, it must plead that Mr. Crosby violated Section 10(b) of the Exchange Act and Rule 10b–5 by acting with scienter. The SEC also must plead scienter as to Mr. Crosby's purported violations of Section 17(a) of the Securities Act.[2]

The First Circuit holds that "proving scienter requires a showing of either conscious intent to defraud or a high degree of recklessness." *Mississippi Pub. Employees' Ret. Sys.*, 649 at 20 (internal quotations omitted). "Reckless in this context means a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious the actor must have been aware of it." *Id.* (internal quotations omitted).

The SEC does not introduce any evidence of Mr. Crosby's purported intent to defraud or recklessness. Instead, in a bare bones and conclusory fashion, the SEC claims only that *all defendants,* "directly or indirectly, act[ed] intentionally, knowingly or recklessly." (Compl. ¶¶ 59, 62.)

Conclusory allegations such as these, absent more, cannot support a finding that Mr. Crosby was acting with the scienter necessary for the SEC to meet its burden of proof. *SEC v. Ficken*, 546 F.3d 45, 51 (1st Cir. 2009); *see also, e.g.*, *Ezra Charitable Trust v. Tyco Intern., Ltd.*, 2005 WL 2127619, at *4 (D.N.H. Sept. 2, 2005), *aff'd*, 466 F.3d 1 (1st Cir. 2006) ("Plaintiffs' allegations rest primarily on 'catch-all allegations' that [the individual defendants'] personal and professional fortunes were personally tied to the fortunes of [the corporate defendant] and that they therefore had the motive to commit fraud. These types of claims have

---

[2] Scienter must be proved to sustain violations of Section 17(a)(1) of the Securities Act. In contrast, violations of Sections 17(a)(2) and (3) of the Securities Act require only proof of negligence. However, in this case, the SEC makes no allegation of negligence and relies solely allegations of scienter .

6

been rejected by prior courts . . . ."). The SEC cites no specific allegation that supports the conclusion that Mr. Crosby knew or even should have known that TelexFree was a Ponzi scheme, a Pyramid scheme or anything but a legitimate business enterprise.

Moreover, the statements attributed to Mr. Crosby in an April 20, 2013 video do not suggest that Mr. Crosby knew TelexFree to be fraudulent. To the contrary, the more reasonable inference is that Mr. Crosby made these public statements about the legitimacy of TelexFree *because he believed them to be true*. In any event, even assuming *arguendo* that Mr. Crosby's alleged statements in the April 20, 2013, video were false, their falsity alone cannot prove scienter. If that were so, the requirement that the SEC prove scienter would be rendered meaningless. *See Geffon v. Micrion Corp.*, 249 F.3d 29, 36 (1st Cir. 2001) ("At the pleading stage, an allegation that defendants had the motive and opportunity to make false or misleading statements is insufficient to support the 'strong inference' of scienter required after the PSLRA" (citation omitted)); *SEC v. Collins & Aikman Corp.*, 524 F. Supp. 2d 477, 487-88 (S.D.N.Y. 2007) ("[E]ven though the PSLRA does not apply to actions brought by the SEC, the SEC is subject to Rule 9(b) and must therefore plead a 'strong inference' of scienter."); *see also In re Credit Suisse First Boston Corp.*, 2005 WL 852455, at *8 (D. Mass. March 31, 2005) ("[S]imply establishing a motivation to make false and misleading statements, regardless of the strength of the inferences to be drawn, is not enough to establish scienter." (citing *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 197 (1st Cir. 1999) ("[W]e caution that catch-all allegations that defendants stood to benefit from wrongdoing and had the opportunity to implement a fraudulent scheme are [not] sufficient." (citation omitted)).

Absent even a single particularized allegation to support the inference that Mr. Crosby had actual knowledge, or acted with such extreme recklessness that he should have known about TelexFree's alleged scheme, the Complaint fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the SEC's Complaint against Mr. Crosby is devoid of any particularized allegations of fraud, fails to state a claim upon which relief can be granted, and should be dismissed.

Dated:  May 13, 2014                                    Respectfully Submitted,

                                                        RANDY CROSBY

                                                        By his attorneys

                                                         /s/ Allison D. Burroughs
                                                        Allison D. Burroughs (BBO # 609346)
                                                        Benjamin L. Mack (BBO # 661590)
                                                        NUTTER, MCCLENNEN & FISH, LLP
                                                        155 Seaport Blvd
                                                        Boston, MA 02210
                                                        (617) 439-2684
                                                        aburroughs@nutter.com

## CERTIFICATE OF SERVICE

I certify that on May 13, 2014, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                        /s/ Benjamin L. Mack

2522001.4