UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 1:14-civ-11858-NMG <br> ) |
| TELEXFREE, INC., <br> TELEXFREE, LLC, <br> JAMES M. MERRILL, <br> CARLOS N. WANZELER, <br> STEVEN M. LABRIOLA, <br> JOSEPH H. CRAFT, <br> SANDERLEY RODRIGUES DE VASCONCELOS, <br> SANTIAGO DE LA ROSA, <br> RANDY CROSBY and <br> FAITH R. SLOAN, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants, | ) <br> ) |
| and | ) <br> ) |
| TELEXFREE FINANCIAL, INC., <br> TELEXELECTRIC, LLLP and <br> TELEX MOBILE HOLDINGS, INC., | ) <br> ) <br> ) <br> ) |
| Relief Defendants. | ) <br> ) |

## JOINT STATEMENT AND PROPOSED DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), counsel for plaintiff Securities and Exchange Commission ("Commission" or "Plaintiff") and counsel for defendants TelexFree, Inc., Telexfree, LLC and Relief Defendant Telexfree Financial, Inc. (collectively, "Telexfree") as well as defendants James M. Merrill ("Merrill"), Carlos Wanzeler ('Wanzeler"), Steven Labriola ("Labriola")  Joseph Craft ("Craft"), Sanderley Rodrigues de Vasconcelos ("Rodrigues"), Santiago De La Rosa ("De La Rosa"), Randy Crosby ("Crosby") and Faith R. Sloan ("Sloan") (collectively "defendants") submit this Joint Statement and Proposed Discovery

Plan.

## I. BACKGROUND

### A. <u>Procedural Background</u>

On April 15, 2014, the Commission filed this emergency civil injunctive action against defendants. On April 16, 2014, the Court entered a temporary restraining order and asset freeze against all defendants and relief defendants. After a hearing, on April 30, 2014, this Court entered preliminary injunctions and continued the asset freezes against De La Rosa and Crosby. After another hearing, on May 8, 2014, this Court entered preliminary injunctions and continued the asset freezes against defendants Sloan, Rodrigues, and relief defendants TelexFree Electric LLLP, and TelexFree Mobil Holdings, Inc. Subsequently on May 9, 2014, this Court entered consent orders against Telexfree, Merrill, Wanzeler, Labriola, and Craft. These orders have been subject to various subsequent modifications to carve out funds not related to TelexFree and/or to allow defendants to earn money from activities unrelated to TelexFree.

On May 13, 2014, Labriola, Crosby, and De La Rosa filed motions to dismiss the original complaint. On May 27, 2014, the Commission filed an Amended Complaint. On June 6, 2014, Sloan filed a motion to dismiss to which the Commission responded on June 12, 2014. On June 18, 2014, De La Rosa and Crosby filed motions to dismiss to which the Commission responded on July 2, 2014. On July 3, 2014, Rodrigues filed a motion to dismiss to which the Commission responded on July 16, 2014. The Court has set oral argument for these motions on September 5, 2014. TelexFree, Merrill, Wanzeler, Labriola, and Craft have filed answers to the Amended Complaint.

On July 23, 2014, a grand jury returned an indictment against Merrill and Wanzeler charging one count of conspiracy to commit wire fraud and eight counts of wire fraud as to the same alleged conduct that form some of the basis of the Commission's allegations. (*US v.*

*Wanzeler & Merrill*, 4:14 CR 40028 - TSH.)  The United States Attorney's office has contacted the parties indicating that it intends to seek a stay of these proceedings while the criminal case is pending and sought assent from the parties.  The parties have not unanimously assented to a stay.

      B.      **Commission's Allegations**

      The Commission's Amended Complaint alleges that TelexFree and the other defendants operated a massive Ponzi and pyramid scheme. TelexFree is a "multi-level marketing" company with its headquarters in Marlborough, Massachusetts.  It purports to be in the business of selling telephone service plans that use "voice over internet" ("VoIP") technology.  From April 2012 to April 2014, TelexFree and its two owners Merrill and Wanzeler, assisted by company insiders Labriola and Craft and promoters such as Rodrigues, De La Rosa, Crosby, and Sloan, raised more than $340 million from hundreds of thousands of investors worldwide, including many members of the Brazilian and Dominican immigrant communities in Massachusetts, through a fraudulent and unregistered offering of securities. (TelexFree publicly claims to have raised more than $1 billion from more than 700,000 investors.)  The securities took the form of "memberships" that promised substantial returns – 200% per year or more – for becoming "promoters" of the business.  TelexFree promised to pay investors for placing ads on obscure classified ad sites on the internet and recruiting other investors to do the same.  The membership fees from investors constituted 99% of the monies taken in by TelexFree.  Prior to March 9, 2014, TelexFree did not require investors to sell the VoIP service in order to qualify for payments.

      Despite the misleading appearance of having a legitimate VoIP business, the defendants actually operated an elaborate Ponzi and pyramid scheme.  Based on the information available to date, TelexFree's revenues from retail VoIP sales – about $1.3 million in two years – were barely 0.1% of the amount needed to honor its promises to investors who placed internet ads – nearly

*$1.1 billion*. As a result, in classic fashion, TelexFree paid its earlier investors, not with revenues from selling the VoIP service, but with money received from later investors. Defendants conduct resulted in significant losses to investors.

### C.     TelexFree's Response

On April 13, 2014, TelexFree, Inc., TelexFree, LLC and TelexFree Financial, Inc. ( the "TelexFree Defendants")  initiated Chapter 11 Bankruptcy Cases by filing voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., in the United States Bankruptcy Court for the District of Nevada.  Subsequently, each bankruptcy case was transferred to the United States Bankruptcy Court for the District of Massachusetts, Central Division.

On June 6, 2014, the United States Bankruptcy Court appointed Stephen B. Darr as the Chapter 11 Trustee of the TelexFree Defendants.

Information is just now being made available as a result of certain discovery requests made by the Trustee of various entities and release by the government of certain information. The Trustee is in the process of analyzing that information. Thus, under the circumstances, the Trustee is not in a position to adequately consider the claims asserted in the Amended Complaint.

Nevertheless, on information and belief, it appears that the TelexFree Defendants engaged in a multi-level marketing enterprise, which, while purporting to be in the business of selling telephone service plans using VoIP technology, were in fact engaged in a Ponzi or pyramid scheme which, in part, involved promising to pay investors for placing ads on the Internet and recruiting other investors to do same.

Since the Trustee has only recently been appointed, and continues to research information regarding the TelexFree Defendants' business operations, the Trustee reserves the right to amend

and/or supplement his Answer as more information becomes available.

### D.  Merrill's Response

Mr. Merrill denies the Commission's allegations.  Mr. Merrill at all times believed in good faith that TelexFree was a real company, not a pyramid scheme, which was operating in full compliance with existing laws and regulations, and at no time did he knowingly or willfully participate in any Ponzi or pyramid scheme.  TelexFree has been described by an experienced business professional as "a telecommunications business that uses multi-level marketing to assist in the distribution of voice over internet protocol ('VoIP') telephone services."  TelexFree sold a real product— "99TelexFree"—which provided customers unlimited international calling to approximately seventy countries for a flat monthly rate of $49.90.  One experienced business professional, with access to the company's business operations, has averred that TelexFree had a "uniquely situated product" capable of providing "valuable and dependable services" to its customers.  Third-party records document that customers used approximately 11 million minutes of the 99TelexFree VoIP service in February 2014.  Since the introduction of 99 TelexFree in 2012, customer usage an increased on a monthly basis until March 2014.  At least one business expert with access to TelexFree business records has averred that "based on [his] preliminary review of the [TelexFree] business, [he] believe[s] that [TelexFree] w[ould] be able to maintain in excess of 140,000 customers world-wide, which would result in yearly revenues in excess of $50 million without regard to any revenues from multi-level marketing or technological innovations."  Lawyers for the company filed responses to interrogatories in state litigation asserting that the company derived $238,395,353 in revenue from retail sales of 4,845,576 VoIP packages.

The Commission cannot even begin to reliably refute these facts and figures because,

critically, the Commission has not yet reviewed the relevant corporate data and records. Instead, to support its assertion that TelexFree constituted an illegal pyramid scheme, the Commission has reviewed only revenue derived from credit card transactions and banking records, which do not reflect significant income realized by the company through other channels. Indeed, in the indictment returned in the related criminal matter, the United States Attorney's Office has retreated from the position taken by the Commission—i.e., that only 1% of revenue derives from sales to customers, and instead has taken the narrower position that approximately 1% of the funds coming to the company through payment processing and bank accounts came from paying customers.

      E.      **<u>Wanzeler's Response</u>**

Mr. Wanzeler denies the Commission's allegations. Mr. Wanzeler at all times believed in good faith that TelexFree was a real company, selling a quality product, which was operating in full compliance with existing laws and regulations, and at no time did he knowingly or willfully participate in any Ponzi or pyramid scheme. TelexFree has been described by an experienced business professional as "a telecommunications business that uses multi-level marketing to assist in the distribution of voice over internet protocol ('VoIP') telephone services." TelexFree sold a genuine and desired product— "99TelexFree"—which provided customers unlimited international calling to approximately seventy countries for a flat monthly rate of $49.90. One experienced business professional, with access to the company's business operations, has averred that TelexFree had a "uniquely situated product" capable of providing "valuable and dependable services" to its customers. Third-party records document that customers used approximately 11 million minutes of the 99TelexFree VoIP service in February 2014. Since the introduction of 99 TelexFree in 2012, customer usage an increased on a monthly

basis until March 2014.  At least one business expert with access to TelexFree business records has averred that "based on [his] preliminary review of the [TelexFree] business, [he] believe[s] that [TelexFree] w[ould] be able to maintain in excess of 140,000 customers world-wide, which would result in yearly revenues in excess of $50 million without regard to any revenues from multi-level marketing or technological innovations."  Lawyers for the company filed responses to interrogatories in state litigation asserting that the company derived $238,395,353 in revenue from retail sales of 4,845,576 VoIP packages.

The Commission cannot even begin to reliably refute these facts and figures because, critically, the Commission has not yet reviewed the relevant corporate data and records.  Instead, to support its assertion that TelexFree constituted an illegal pyramid scheme, the Commission has reviewed only revenue derived from credit card transactions and banking records, which do not reflect significant income realized by the company through other channels.  Indeed, in the indictment returned in the related criminal matter, the United States Attorney's Office has retreated from the position taken by the Commission—i.e., that only 1% of revenue derives from sales to customers, and instead has taken the narrower position that approximately 1% of the funds coming to the company through payment processing and bank accounts came from paying customers.

### F.   Labriola's Response

Mr. Labriola denies the SEC's allegations that he knowingly promoted a ponzi scheme, or that he acted in recklessly or negligently ignored facts that should have put him on notice that TelexFree was a ponzi scheme.  Mr. Labriola further denies the SEC's characterization of him as an "insider." He was not privy to the financial information that the SEC relies upon to support its characterization of TelexFree as a Ponzi scheme. Mr. Labriola at all times believed that TelexFree was operating a legitimate business selling a legitimate telecommunications product,

and operating in full compliance with all applicable laws and regulations

### G. Craft's Response

Joseph Craft does not agree that his conduct caused any investor losses. He was not a principal, insider, shareholder, control person, officer or director of any of the TelexFree entities. While he served as the firms' accountant, he was not asked to prepare, nor did he prepare, a certified audit, or indeed, an audit of any type. He was the accountant for privately held companies doing the typical tasks that such an accountant performs. He was largely kept in the dark about many company activities. He created a financial compilation that was forwarded to the Massachusetts Securities Division in April, 2013, which contained inaccuracies because he was misinformed and left uninformed by company principals. When he discovered the inaccuracies, he filed a second compilation in early 2014 which corrected the inaccuracies. Neither of the compilations were included in any company offering to potential promoters, purchasers of service, or investors, nor were the compilations completed for the purpose of establishing a basis for reliance by any potential promoter or investor. Craft did not participate in the process of selling memberships, securities or contracts. Craft believes that he has not violated any Securities Act or 10(b)(5) violations intentionally or unintentionally. He expects to file Motions for Summary Judgment as soon as the Court permits such motions to be filed.

### H. Crosby's Response

Mr. Crosby's Motion to Dismiss is pending and he has not yet answered the Amended Complaint. If such an answer is required, we expect to deny most of the allegations, including any allegations of securities fraud. Mr. Crosby is barely mentioned in the Amended Complaint and was, at most, a promoter who did not work in the corporate offices or have access to the company's financial information. The SEC has not adduced any evidence that Crosby or any of

the other promoters believed that they were involved with anything other than a legitimate business. Mr. Crosby will require that some of his frozen funds be carved out so that he may defend this action.

### I.    De La Rosa's Response

De La Rosa's Motion to Dismiss is pending and he has not yet answered the Amended Complaint. If such an answer is required, we expect to deny most of the allegations, including any allegations of securities fraud. De La Rosa is barely mentioned in the Amended Complaint and was, at most, a promoter who did not work in the corporate offices or have access to the company's financial information. The SEC has not adduced any evidence that De La Rosa or any of the other promoters believed that they were involved with anything other than a legitimate business. De La Rosa will require that some of his frozen funds be carved out so that he may defend this action.

### J.    Sloan's Response

Sloan denies that she "operated a massive Ponzi and pyramid scheme" and that she "raised more than $340,000,000.00 from hundreds of thousands of investors worldwide ..." as well as all of the other allegations set forth in Plaintiff's Amended Complaint.

Sloan has no knowledge concerning the other allegations in the Commission's Amended Complaint summarized in the Commission's Joint Statement and calls the Court's attention to her Amended Verified Response to Plaintiff's Opposition to Sloan's Motion to Dismiss (Document No. 195) and her First Verified Amended Memorandum of Law in Support of her Motion to Dismiss.

### K.    Rodrigues' Response

Rodrigues' Motion to Dismiss is still pending before the Court. Rodrigues denies any and

all allegations against him, including those allegations involving securities fraud. Rodrigues had no reason to believe that TelexFree was anything other than a legitimate business venture which sold a product, 99TelexFree. The SEC has not adduced any evidence that Rodrigues was aware of the corporate finances of TelexFree, nor that he was involved with the corporate finances of TelexFree. At best, Rodrigues was a promoter who did not have access to the company's financial information. Rodrigues will require that some of his frozen funds be carved out so that he may defend this action.

## II.   CONFERENCE OF THE PARTIES AND SETTLEMENT PROPOSAL

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), counsel for the Parties have conferred by telephone to discuss the following: (i) the nature and basis for their claims and defenses; (ii) the possibility for a prompt settlement or resolution of the case; (iii) the disclosures required by Rule 26(a)(1); (iv) the development of a proposed pretrial schedule, including a discovery plan; (v) an agenda of matters to be discussed at the scheduling conference; and (vi) whether they will consent to trial by magistrate judge.

Pursuant to Local Rule 16.1(C), the Commission has provided a written settlement proposal to each of the defendants.

## III.   PROPOSED SCHEDULE

The Commission and Defendants TelexFree, Merrill, Wanzeler, De La Rosa, Labriola, and Crosby request that the Court adopt the following schedule assuming that this action is not stayed through the pendency of the criminal action against Wanzeler and Merrill, by the pendency of motions to dismiss, or otherwise delayed by discovery issues such as limitations in access to the books and records of TelexFree. If the proceedings are stayed for a significant period of time, the parties requesting this schedule contemplate that the Court will enter a

schedule with a shorter discovery period after the criminal case is resolved.

| EVENT | DATE |
| --- | --- |
| Initial Disclosures | September 19, 2014 |
| Parties' Fed. R. Civ. P. 26 Expert Disclosures | June 27, 2015 |
| Completion of Expert Depositions | September 4, 2015 |
| Completion of Fact Discovery | September 4, 2015 |
| Rule 56 Motions filed on or before | November 6, 2015 |
| Rule 56 Oppositions filed | As required by Local Rule 7.1(b)(2) |
| Rule 56 Reply Briefs filed | Fourteen (14) days after service of a Rule 56 opposition |
| Final Pre-Trial Conference (if necessary) | February 5, 2016 |
| Trial (If necessary) | March 7, 2016 |

Defendants Sloan proposes the following schedule:

| EVENT | DATE |
| --- | --- |
| Initial Disclosures | September 19, 2014 |
| Parties' Fed. R. Civ. P. 26 Expert Disclosures | November 14, 2014 |
| Completion of Expert Depositions | December 12, 2014 |
| Completion of Fact Discovery | December 12, 2014 |
| Rule 56 Motions filed on or before | January 15, 2015 |
| Rule 56 Oppositions filed | 21 days after service of the Rule 56 Motion |
| Rule 56 Reply Briefs filed | Fourteen (14) days after service of a Rule 56 opposition |
| Final Pre-Trial Conference (if necessary) | March 15, 2015 |
| Trial (If necessary) | April 15, 2015 |

Defendants Craft and Rodrigues propose the following schedule:

| EVENT | DATE |
|---|---|
| Initial Disclosures | September 19, 2014 |
| Parties' Fed. R. Civ. P. 26 Expert Disclosures | March 20, 2015 |
| Completion of Expert Depositions | June 2, 2015 |
| Completion of Fact Discovery | June 2, 2015 |
| Rule 56 Motions filed on or before | June 30, 2015 |
| Rule 56 Oppositions filed | As required by Local Rule 7.1(b)(2) |
| Rule 56 Reply Briefs filed | Fourteen (14) days after service of a Rule 56 opposition |
| Final Pre-Trial Conference (if necessary) | September 9, 2015 |
| Trial (If necessary) | At the Court's convenience |

### IV.     MODIFICATION OF SCHEDULED DATES

All dates set forth herein may be modified by written agreement of the Parties and approval by the Court or on motion, approval of the Court.

### V.      TRIAL BY MAGISTRATE

The Parties are not willing to consent to a trial by magistrate judge.

### VI.     WRITTEN DISCOVERY AND DEPOSITONS

The Parties may only serve discovery requests or deposition notices beyond the discovery event limitations imposed by Local Rule 26.1(c) with the assent of both Parties or with the Court's approval.  Because of the size and complexity of this case, the Commission and Defendants TelexFree, Merrill, Wanzeler, Craft, De La Rosa, Labriola and Crosby propose that the Court alter the limits imposed by Fed. R. Civ. P. 30(a)(2)(A)(i) to allow for each side to take 20 depositions.  Those parties also propose that this Court alter the time limit imposed by Fed. R. Civ. P. 30(d)(1) to allow that the depositions of the defendants to take 14 hours.

Defendants Sloan and Rodrigues objects to the limits proposed by the SEC and propose that the Commission shall be limited to 10 depositions and each defendant to five depositions.

Those depositions shall be limited to one (1) day of seven (7) hours.

## VII.   LOCAL RULE 16.1(D)(3) CERTIFICATIONS

The Commission, through its counsel, certifies that it is aware of the potential costs that may be associated with this litigation and the availability of alternative dispute resolution procedures.  Counsel for Defendants TelexFree, Merrill, Wanzeler, Craft, De La Rosa, Rodrigues, and Crosby certify that they have conferred with their clients:  (a) with a view to establishing a budget for the costs of conducting the full course - and various alternative courses - of this litigation; and (b) to consider the resolution of this litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Counsel for Sloan has conferred with his client, Faith R. Sloan, and all other attorneys to consider a resolution of the litigation.  Ms. Sloan does not have the resources to establish any sort of budget for the cost of conducting the full course of this litigation, because her savings and the retainer that she paid her attorney have been frozen at the behest of the Plaintiff, Commission.

Counsel for Mr. Labriola has conferred with his client with respect to a possible resolution of this case. Mr. Labriola was unable to discuss a budget. He does not have the resources to pay for an attorney, much less a monetary settlement. Any remaining assets that he has (estimated at approximately $10,000) have been frozen in connection with this action.

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its attorneys,

 /s/ Deena R. Bernstein
Deena R. Bernstein (Mass. Bar No. 558721)
 Senior Trial Counsel
 Frank C. Huntington (Mass. Bar No. 544045)
 Senior Trial Counsel
Scott Stanley (NY. Bar No. 4504601)
  Staff Attorney
Boston Regional Office
33 Arch Street, 23rd Floor
Boston, MA 02110
(617) 573-8813 (Bernstein Direct)
(617) 573-4590 (facsimile)
bernsteind@sec.gov (Bernstein email)
and

CARLOS WANZELER,
By his attorneys,

/s/ Paul V. Kelly
Paul V. Kelly (BBO No. 267010)
John J. Commisso (BBO No. 647002)
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
Tel.: (617) 367-0025
Fax: (617) 367-2155
Paul.Kelly@jacksonlewis.com
John.Commisso@jacksonlewis.com

JAMES MERRILL
By his attorney

/s/ Robert Goldstein
20 Park Plaza
Suite 1000
Boston, MA 02116
Tel.: (617) 742-9015
Fax: (617) 742-9016
Rmg@goldstein-Lawfirm.com

TELEXFREE, INC., TELEXFREE, LLC
AND TELEX FINANCIAL, INC.
By their attorney

/s/ Charles R. Bennett
Charles R. Bennett, Jr.
David L. Evans
Murphy & King, PC
One Beacon Street 21st Floor
Boston, MA 02108-3107
Tel. (617) 423-0400
Fax: (617) 423-0498
Email:DEvans@murphyking.com

STEVEN M. LABRIOLA
By his attorney,

/s/ Denis M. King
Denis M. King
Goulston & Storrs, PC
400 Atlantic Avenue
Boston, MA 02110
Tel: (617) 574-6432
Fax: (617) 574-7601
Email:Dking@goulstonstorrs.com

JOSEPH H. CRAFT
By his attorney,

/s/ Edward T. Dangel
Edward T. Dangel, III
Dangel, Donlan and Fine
10 Derne Street
Boston, MA 02114-4203
Tel.: (617) 557-4800
Fax: (617) 557-4827
Email:Tdangel@danmatllp.com

SANDERLEY RODRIGUES DE VASCONCELOS
By his attorney,

/s/ Erica Petkov
Erica Petkov
Perez Gardini, LLC
P.O. Box 6318
Boston, MA 02114
Tel.: (617) 507-1779
Email: Erica@gardinilaw.Com

FAITH SLOAN
By her attorney,

/s/ C. Peter Gossels
C. Peter R. Gossels
Weston, Patrick, Willard & Redding
11th Floor 84 State Street
Boston, MA 02109
Tel: (617) 742-9310
Fax: (617) 742-5734
Email:Pgossels@socialaw.Com

SANTIAGO DE LA ROSA
By his attorneys,

/s Allison O'Neil
Stephen G. Huggard
Allison M. O'Neil
Scott R. Magee
Edwards Wildman Palmer LLP
111 Huntington Avenue
Boston, MA 02199
Tel.: (617) 239-0769
Fax: (866) 955-8807
Email:Shuggard@edwardswildman.Com

RANDY CROSBY
By his attorneys,

/s/ Allison Burroughs
Allison D. Burroughs
Nutter, McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2604
Tel.: (617) 439-2684
Fax: (617) 310-9788
Email:Aburroughs@nutter.Com