```
United States District Court
   District of Massachusetts
```

|                                                      |                          |
|------------------------------------------------------|--------------------------|
| SECURITIES AND EXCHANGE COMMISSION,                  )  |                          |
|         Plaintiff,                               )   |                          |
|         v.                                       )   | Civil Action No.         |
| TELEXFREE, INC., TELEXFREE, LLC,                 )   | 14-11858-NMG             |
| JAMES M. MERRILL, CARLOS N.                      )   |                          |
| WANZELER, STEVEN M. LABRIOLA,                    )   |                          |
| JOSEPH H. CRAFT, SANDERLEY                       )   |                          |
| RODRIGUES DE VASCONCELOS,                        )   |                          |
| SANTIAGO DE LA ROSA, RANDY N.                    )   |                          |
| CROSBY and FAITH R. SLOAN                        )   |                          |
|         Defendants.                              )   |                          |

**MEMORANDUM & ORDER**

**GORTON, J.**

This is a civil enforcement action brought by the Securities and Exchange Commission ("SEC") against TelexFree, Inc. and TelexFree, LLC (collectively, "TelexFree") and eight individual defendants (who, together with TelexFree, are collectively, "defendants") for allegedly operating and promoting an illegal pyramid and Ponzi scheme. Pending before the Court is the motion of the Department of Justice ("the government") for leave to intervene and to stay discovery pending resolution of parallel criminal proceedings. After careful review of the government's memorandum and the parties' responses, the government's motion to intervene and stay

-1-

discovery pending resolution of parallel criminal proceedings will be allowed.

I.  **Procedural Background**

On April 15, 2014, the SEC filed a sealed complaint in the instant case. The following month, the SEC amended the complaint to include significantly more factual allegations relating to the alleged Ponzi scheme. Alongside TelexFree, the SEC named four TelexFree "principals" as individual defendants (collectively, "the principal defendants"). Among them were James M. Merrill ("Merrill"), the co-owner of both TelexFree entities and the president of TelexFree, Inc., and Carlos N. Wanzeler ("Wanzeler"), the other co-owner of both TelexFree entities and the treasurer of TelexFree, Inc.

The SEC also named four "promoters" of the TelexFree business model in the suit (collectively, "the promoter defendants"). All are described in filings by the SEC in identical terms as "the most successful promoters of TelexFree" and as having "appeared in TelexFree promotional videos that have been posted on the internet."

The civil enforcement action alleges that all defendants engaged in fraudulent or deceptive conduct in violation of Section 10(b) of the Exchange Act of 1934 ("Exchange Act"), Rule 10b-5 and fraud in the offer or sale of securities in violation of Section 17(a) of the Securities Act of 1933 ("Securities

Act"). The complaint also includes a claim against TelexFree, Merrill and Wanzeler for the offer or sale of unregistered securities in violation of Section 5(a) of the Securities Act and a claim against Merrill and Wanzeler for control person liability under Section 20(a) of the Exchange Act.

Subsequently, in July, 2014, defendants Merrill and Wanzeler were indicted on a single count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and eight counts of wire fraud, in violation of 18 U.S.C. § 1343. <u>United States v. Merrill et al.</u>, No. 14-cr-40028, Docket No. 70. The criminal case is pending before United States District Judge Timothy S. Hillman in Worcester, Massachusetts.

On September 3, 2014, the government moved to intervene in this civil enforcement proceeding and to stay discovery pending resolution of the criminal proceeding against Merrill and Wanzeler. The SEC, TelexFree and six of the eight individual defendants do not oppose the government's motion.[1] Although the promoter defendant Faith R. Sloan ("Sloan") has filed a nominal opposition to the motion, she also asks the Court to stay discovery with respect to her during the pendency of her motion to dismiss.

---

[1] The remaining two individual defendants did not submit responses to the government's motion. The government stated, however, that those two defendants have previously expressed their assent to its motion.

-3-

## II. Analysis

### 1. Motion to Intervene

Fed. R. Civ. P. 24(a)(2) allows a party to intervene as of right so long as the party establishes (1) a direct and substantial interest in the subject matter of the litigation, (2) that its ability to the protect the interest may be impaired if it is not allowed to intervene and (3) that its interest will not be adequately represented by an existing party. Int'l Paper Co. v. Inhabitants of Town of Jay, Me., 887 F.2d 338, 343 (1st Cir. 1989) (citation omitted). Without doubt that standard is met here. The subject matter of this civil enforcement action is nearly identical to that at issue in the government's prosecution of defendants Merrill and Wanzeler.[2] Moreover, the government has a

> discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter.

SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988). No party present in the case can adequately represent such concerns. Accordingly, the government will be allowed to intervene.

---

[2] That finding alone is sufficient to satisfy the requirements of permissive intervention, in which the Court may permit a movant to intervene in a civil action if that movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

**2. Motion to Stay**

It is well established that federal courts can opt to stay civil proceedings in deference to parallel criminal proceedings. See Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004). While a court is not compelled to stay a civil proceeding during the pendency of a parallel criminal investigation or prosecution, such a scenario has been recognized as one in which a stay may well be appropriate. Id. Courts have repeatedly issued stays in securities cases involving SEC civil enforcement actions and corresponding criminal proceedings. See, e.g., SEC v. Purchasers of Sec. of Global Indus., Ltd., No. 11 Civ. 6500, 2012 WL 5505738, at *2 (S.D.N.Y. Nov. 9, 2012).

The First Circuit Court of Appeals has identified that the following seven factors bear upon a court's decision whether to stay proceedings:

> 1) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, 2) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem, 3) the convenience of both the civil and criminal courts, 4) the interests of third parties, 5) the public interest, 6) the good faith of the litigants (or the absence of it) and 7) the status of the cases.

Microfinancial, 385 F.3d at 78. Another factor that other courts consider is the extent to which the issues in the criminal case overlap with those presented in the civil case.

See, e.g., In re Worldcom, Inc. Sec. Litig., Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *3-4 (S.D.N.Y. Dec. 5, 2002); SEC v. Nicholas, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (overlap of issues is "most important factor" when considering a motion to stay). Courts ultimately possess the inherent power to stay pending litigation "when the efficacious management of court dockets reasonably requires such intervention." Marquis v. FDIC, 965 F.2d 1148, 1154 (1st Cir. 1992).

The Court is convinced that a stay of this case would promote the interests of justice for a number of reasons. First, the substance of the two parallel actions is nearly identical. The cases will almost certainly rely on identical witnesses, evidence and financial data. Moreover, the criminal proceedings are already well under way. Cf. United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 811 F. Supp. 802, 805 (E.D.N.Y. 1992) (denying motion to stay civil proceedings when defendant was merely being investigated by grand jury). Furthermore, staying the civil proceedings would prevent the criminal defendants from exploiting liberal civil discovery rules to obtain evidence to support their criminal defenses. SEC v. Downe, No. 92 Civ. 4092, 1993 WL 22126, at *12-13 (S.D.N.Y. Jan. 26, 1993).

A stay would also conserve judicial resources and narrow the issues to be resolved in the event that criminal convictions

are obtained.  Under such a scenario, defendants would be estopped from re-litigating issues decided against them.  This will undoubtedly expedite resolution of the civil action once the stay is lifted, even with respect to the individual defendants in the civil case who are not criminal defendants.  As another district court opined when issuing a similar stay

> The conviction of a civil defendant [either by plea bargain] or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil case[] and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges.

In re Worldcom, Inc. Sec. Litig., 2002 WL 31729501, at *8.

Finally, a number of the individual defendants have raised concerns about mounting litigation expenses.  A stay in the civil enforcement proceeding will allow defendants to avoid substantial litigation costs while the criminal proceeding is pending.  That appears to be precisely the same reason why defendants were virtually unanimous in their assent to the government's motion.

The SEC, acting on behalf of the public, and defendants certainly has a substantial interest in the timely resolution of this proceeding.  Nevertheless, the public interest in unimpeded criminal law enforcement outweighs the civil interests here. See In re Ivan F. Boesky Sec. Litig., 128 F.R.D. 47, 49 (S.D.N.Y.

1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant").

Given these several considerations and finding virtual unanimous consent amongst the parties, discovery in this action will be stayed pending the conclusion of the criminal prosecution of Merrill and Wanzeler. The SEC will, however, be permitted to continue to ensure compliance with already-entered consent orders against defendants and the Court will continue to entertain motions by the parties to modify those existing consent orders.

**3. Pending Motions to Dismiss**

The four promoter defendants have each filed a motion to dismiss. All of the motions were filed prior to the government's motion to stay. Each promoter defendant contends that, <u>inter</u> <u>alia</u>, the SEC's complaint fails to plead the requisite scienter for securities fraud as the predominant basis for dismissing the claims against him/her.

In responding to the government's motion, promoter defendants Santiago De La Rosa and Randy Crosby do not oppose the stay but simply seek a continuance of the consideration of their motions as well. Defendant Sanderley Rodrigues De Vasconcelos expresses no preference as to how the Court should handle his pending motion while defendant Sloan, who nominally

opposes the government's motion, nevertheless seeks a stay of discovery during the pendency of her motion.

The Court agrees in principle with the requests of defendants De La Rosa and Crosby for an additional stay of their pending motions. In order to avoid piecemeal resolution of the promoter defendants' motions, and to preserve both judicial and litigant resources during the stay of discovery, the Court will deny without prejudice all four motions to dismiss. Once the stay of discovery is lifted, the promoter defendants may opt to re-file their motions to dismiss. At that time, the Court will consider arguments on the motions and issue a single, comprehensive decision.

**ORDER**

Accordingly, the government's motion to intervene and stay discovery pending resolution of parallel criminal proceedings (Docket No. 253) is **ALLOWED**. Discovery in this civil enforcement action brought by the SEC will be **STAYED** pending resolution of the parallel criminal proceedings against defendants Merrill and Wanzeler in Case No. 14-cr-40028-TSH. Furthermore, the four pending motions to dismiss of the promoter defendants (Docket Nos. 154, 180, 182 and 211) are **DENIED without prejudice**.

The Court will continue to entertain any motions by the parties to modify existing consent orders and will permit the SEC to continue to ensure compliance with those existing consent orders against defendants.

The government is hereby directed to submit to this Court a status report with respect to the progress of the criminal case on or before January 15, 2015, and every three months thereafter.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 8, 2014