```
                    United States District Court
                      District of Massachusetts

                                    )
SECURITIES AND EXCHANGE             )
COMMISSION,                         )
                                    )
          Plaintiff,                )
                                    )
          v.                        )
                                    )
TELEXFREE, INC.,                    )
TELEXFREE LLC,                      )
CARLOS N. WANZELER,                 )
SANTIAGO DE LA ROSA,                )
RANDY N. CROSBY and                 )   Civil Action No.
FAITH R. SLOAN,                     )   14-11858-NMG
                                    )
          Defendants.               )
                                    )
                                    )
```

**MEMORANDUM & ORDER**

In this civil enforcement action, the Securities and Exchange Commission ("SEC" or "the Commission") alleges that TelexFree, Inc. and TelexFree, LLC (collectively, "TelexFree") and eight individual defendants operated and promoted an illegal pyramid and Ponzi scheme, raising more than $300 million through a fraudulent and unregistered offering of securities since at least November, 2012. TelexFree allegedly received more than $340 million from hundreds of thousands of investors and promised to pay those investors more than $1.1 billion, even though the company's retail product generated only $1.3 million in sales.

-1-

The SEC alleges that Faith R. Sloan ("Sloan") and Santiago De La Rosa ("De La Rosa") violated federal securities laws by acting as "promoters" for TelexFree and that they 1) violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; 2) violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); and 3) violated Section 5(a) of the Securities Act of 1933, 15 U.S.C. § 77e(a).

Pending before the Court are separate motions to dismiss of both defendants. For the following reasons, those motions will be denied.

I. **Background**

The SEC alleges that the entire TelexFree enterprise was an elaborate "Ponzi/pyramid scheme". According to the SEC, the scheme worked as follows: TelexFree promised investors in its "AdCentral" program that it would make weekly payments to investors generating an annual return of over 200%. Investors were required to post ads for TelexFree's voice over internet ("VoIP") service but those ads "were essentially meaningless".

Investors were encouraged to recruit new investors and TelexFree offered commissions for sales of its VoIP service. When an investor purchased the VoIP service, TelexFree debited the balance in that investor's internal account. Accordingly, such sales generated no revenue for the company. TelexFree

received over $340 million from investors and "effectively promised to pay more than $1.1 billion to [them]." Because sales of the VoIP service generated only $1.3 million in retail sales revenue, however, that promise was illusory. Instead, TelexFree paid early investors with the moneys contributed by later investors. In April, 2014, TelexFree filed for bankruptcy, claiming $600 million in liabilities and approximately $100 million in assets.

In April, 2014, the SEC filed a sealed complaint in the instant case. The following month, the SEC amended the complaint to include significantly more factual allegations relating to the alleged Ponzi scheme. Alongside TelexFree, the SEC named four TelexFree "principals" in this suit as individual defendants. Among them were James M. Merrill, the co-owner of both TelexFree entities and the president of TelexFree, Inc. and Carlos N. Wanzeler, co-owner of both TelexFree entities and the treasurer of TelexFree, Inc.

The SEC also named four "promoters" of the TelexFree business model in the suit, including Sloan and De La Rosa. The Commission alleges that Sloan "was a prominent promoter of TelexFree," who operated websites touting TelexFree and appeared in promotional videos that were posted on YouTube. De La Rosa is also described as a "prominent promoter of TelexFree" who

provided the voiceover for multiple videos posted on YouTube and appeared onstage at a TelexFree event in Boston.

## II. **Legal Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F.Supp.2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F.Supp.2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state

a cause of action. Id.  Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

**III. Analysis**

Section 10(b) of the Exchange Act and Rule 10b-5 thereunder make it unlawful for any person to

> use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j(b).

Rule 10b-5, in turn, makes it unlawful

> (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security. 17 C.F.R. § 240.10b-5.

Section 17(a) of the Securities Act of 1933 makes it unlawful for any person, in the offer or sale of any securities

> (1) to employ any device, scheme, or artifice to defraud, or (2) to obtain money or property by means of any untrue

statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

15 U.S.C. § 77q(a).

### 1. Motion to dismiss of Faith Sloan

Defendant Sloan contends that the SEC fails to allege that she committed unlawful conduct with sufficient particularity. Plaintiff responds that it has met the heightened pleading requirements of Fed. R. Civ. P. 9(b).

When pleading an action that sounds in fraud, a plaintiff "must state with particularity the circumstances constituting" the fraud. Fed. R. Civ. P. 9(b). Particularity requires alleging the "time, place, and content of the alleged misrepresentation with specificity." SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc) (quoting Greebel v. FTP Software, Inc., 194 F.3d 185, 193 (1st Cir. 1999)). Here, plaintiff has met that burden.

Plaintiff, in its second amended complaint, identifies specific statements that Sloan allegedly made to investors and provides the substance and dates of those statements. Thus, plaintiff alleges fraud with specificity.

Sloan's argument that her statements were neither manipulative nor deceptive is unavailing. At the motion to

dismiss stage, this Court accepts all plausibly alleged facts as true. The SEC has plausibly alleged that Sloan omitted material facts about TelexFree being a Ponzi and pyramid scheme. Accordingly, plaintiff has sufficiently alleged that her statements were manipulative or deceptive.

Sloan avers that plaintiff has failed to allege scienter. To prove scienter under Section 10(b) of the Exchange Act and its accompanying Rule 10b-5 as well as Section 17(a)(1) of the Securities Act, a party must demonstrate "a showing of either conscious intent to defraud or a high degree of recklessness." SEC v. Ficken, 546 F.3d 45, 47 (1st Cir. 2008) (citation omitted) (internal quotation marks omitted). Plaintiff has plausibly alleged that Sloan possessed material knowledge of TelexFree's business model with respect to revenue from AdCentral and retail sales. Drawing all reasonable inferences in the nonmovant's favor, the SEC has plausibly alleged that Sloan was at least reckless in not becoming aware that TelexFree was a Ponzi and pyramid scheme. This logic applies a fortiori to the SEC's claims under Section 17(a)(2) and 17(a)(3) which require only a showing of negligence. See id.

Sloan does not move to dismiss the second amended complaint's third claim alleging violations of Section 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a), (c).

Accordingly, Sloan's motion to dismiss will be denied.

### 2. Motion to dismiss of Santiago De La Rosa

De La Rosa contends that the SEC fails to allege that he made any untrue or misleading statement of material fact. As explained above, however, material omissions of fact may render a statement fraudulent. See also SEC v. Druffner, 353 F. Supp. 2d 141, 148 (D. Mass. 2005). Plaintiff has plausibly alleged that De La Rosa knew that TelexFree was a Ponzi and pyramid schemed and that his omission of that fact from his statements violated the securities laws.

Second, De La Rosa submits that the SEC has failed to allege scienter. Among other facts, plaintiff alleged that 1) De La Rosa had access to back office information concerning sales and revenue, 2) investors would be paid merely for posting internet ads, 3) investors would receive an outsized return on investment and 4) De La Rosa received more than $2 million from investors. Taking all of plaintiff's plausible allegations as true, and drawing all reasonable inferences in its favor, plaintiff has sufficiently alleged that De La Rosa acted at least recklessly by not disclosing that TelexFree was a Ponzi and pyramid scheme. Cf. SEC v. Better Life Club of Am., Inc., 995 F. Supp. 167, 178 (D.D.C. 1998), aff'd 203 F.3d 54 (D.C. Cir. 1999).

Finally, as to Count III of the second amended complaint, De La Rosa argues that plaintiff has failed to allege that he

sold or offered unregistered securities. A prima facie case for violations of Section 5(a) and 5(c) of the Securities Act requires a plaintiff to allege that (1) no registration statement was in effect as to the securities, (2) the defendant directly or indirectly offered to sell or sold the securities, and (3) the offer or sale was made in connection with the use of interstate transportation, communication or the mails. SEC v. Esposito, 260 F. Supp. 3d 79, 88–89 (D. Mass. 2017) (citation omitted).

Here, TelexFree's agreements with investors with respect to the AdCentral scheme were "investment contracts" and thus unregistered "securities". See SEC v. W.J. Howey Co., 328 U.S. 293, 298 (1946); SEC v. SG Ltd., 265 F.3d 42, 55 (1st Cir. 2001). Through a series of websites and Youtube videos, these unregistered securities were sold in interstate commerce. Accordingly, plaintiff has plausibly alleged that De La Rosa violated Section 5(a) and 5(c) of the Securities Act.

Accordingly, De La Rosa's motion to dismiss will be denied.

**ORDER**

For the foregoing reasons, the motion to dismiss of defendant Faith Sloan (Docket No. 332) is **DENIED** and the motion to dismiss of defendant Santiago De La Rosa (Docket No. 445) is **DENIED**.

**So ordered.**

                                      /s/ Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated March 16, 2018